## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK STEVEN YORDEN          :          CIVIL ACTION

       v.          :          06-5262 **FILED**

MARK KRYSEVIG, et al.          :          NO. ~~07-3432~~          DEC 2 7 2007

                                MICHAEL E. KUNZ, Clerk
               **MEMORANDUM**          By_____Dep. Clerk

**Baylson, J.**                                  **December 27, 2007**

### I.     Introduction

Petitioner, Mark Yorden, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court on November 30, 2006. The Court referred the case to Magistrate Judge Elizabeth T. Hey ("Magistrate Judge") on April 27, 2007. The Magistrate Judge issued a Report and Recommendation ("R & R") pursuant to 28 U.S.C. § 636(c)(1) on August 28, 2007, recommending that the petition be denied and dismissed. (Doc. No. 7). Petitioner filed a response stating a number of objections to the R & R. (Doc. No. 8). Upon independent and thorough consideration of the record and all filings in this Court, Petitioner's objections are overruled and the Magistrate Judge's recommendations are accepted.

### II.    Background and Procedural History

On April 7, 1997, Petitioner fired several shots from a rifle into the side of an unoccupied telephone repair truck and two shots at the lights of a stationary, but occupied police car. See, N.T. 10/22/98, at 4-6. Petitioner was charged with multiple counts of attempted murder and related charges. Petitioner was initially found incompetent to stand trial by treating physicians at Norristown State Hospital, but this diagnosis was later changed. On May 14, 1998, hospital

doctors advised the trial judge, the Honorable James P. MacElree III ("Trial Court") that

Petitioner had ongoing schizoaffective disorder of bi-polar type but was now competent to stand

trial. See Commonwealth v. Yorden, No. 494 MIC 1997 (C.P. Chester June 22, 1998).  On June

22, 1998, the Trial Court granted an uncontested defense motion that Petitioner was competent.

In light of the parties' agreement and the psychiatric report that Petitioner was competent, the

Trial Court did not make a formal finding of competence and did not hold a competency hearing.

On October 22, 1998, Petitioner pled guilty but mentally ill to three counts of attempted

murder.  The Trial Court imposed an aggregate sentence of ten to twenty years of imprisonment,

followed by ten years probation. Id. at 11.  Petitioner did not file a direct appeal.

Petitioner claims that he suffers from severe mental illness and that at the time of the

crime he was paranoid and delusional.  See "A Synopsis of My Life," attached to Pet'r.'s PCRA

appeals at Ex. V (pages not numbered).

On January 30, 2004, Petitioner filed a petition entitled "Civil Habeas Corpus Relief" in

the Court of Common Pleas of Chester County arguing that (1) he was coerced into pleading

guilty but mentally ill; (2) his counsel at the time of the plea was ineffective; and (3) the Trial

Court erred when it failed to hold a competency hearing before accepting Petitioner's plea,

pursuant to Pennsylvania Mental Health Procedures Act, 50 Pa. Cons. Stat. Ann. §§ 7401-08.

Judge MacElree, who heard Petitioner's initial PCRA petition, treated the petition as an

application for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act, ("PCRA")

42 Pa. Cons. Stat. Ann. § 9541 et seq., and appointed counsel.  On July 14, 2004, at the

beginning of the Petitioner's PCRA claims hearing, the Court granted Petitioner's request to

proceed with his PCRA claim pro se, but asked Petitioner's counsel to remain and serve as stand-

in counsel if it became necessary.  N.T. 07/14/04 at 3.  On September 24, 2004, the Court

dismissed Petitioner's claims as untimely, finding that Petitioner did not meet any of the three

exceptions of the PCRA's one year statute of limitations.  Commonwealth v. Yorden, Nos.

2588/2590-98 (C.P. Chester Sept. 24, 2004).

Petitioner appealed the dismissal of the PCRA petition to the Pennsylvania Superior

Court, arguing that (1) he was mentally incompetent at the time he pled guilty; (2) the PCRA

Court erred in construing his state habeas corpus petition as a PCRA petition; (3) the PCRA

Court erred in failing to hear his newly discovered evidence of mental incompetence at the time

of his guilty plea; and (4) the PCRA Court's jurisdictional timeliness requirement is

unconstitutional.  See Commonwealth v. Yorden, Nos. 2588/2590-98, at 1 (C.P. Chester Nov.

19, 2004).  On November 30, 2005, the Pennsylvania Superior Court affirmed the dismissal of

the PCRA petition on the ground that it was untimely.  Commonwealth v. Yorden, 894 A.2d 826

(Pa. Super. Nov. 30, 2005) (unpublished table opinion).  Petitioner filed a petition for allowance

of appeal with the Pennsylvania Supreme Court which was denied on August 29, 2006.

Commonwealth v. Yorden, 906 A.2d 543 (Pa. 2006).

On November 26, 2006, Petitioner filed the present pro se petition before this Court for a

Writ of Habeas Corpus claiming that (1) he was incompetent at the time of his plea and

sentencing and, therefore, his due process rights were violated when the trial court accepted his

plea; (2) the trial court lacked jurisdiction to convict and sentence him because it failed to hold a

formal competency hearing; (3) the state courts erred in construing his state habeas corpus

3

petition as a PCRA petition; and (4) he is actually innocent pursuant to the McNaughton Rule.[1]

On January 11, 2007, Respondent filed an answer arguing that the petition is time-barred under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") and, in the alternative, that Petitioner's claims are unexhausted and/or without merit. In response, Petitioner filed a reply to the answer, arguing that he is entitled to relief.

On August 28, 2007, the Magistrate Judge issued her R & R, recommending that the Court deny Petitioner's petition on the merits. Petitioner responded to the R & R with written objections on September 7, 2007.

## III.   Discussion

For a complete summary of Petitioner's habeas corpus claim, as well as the government's answer, the Magistrate's R & R is accurate and fairly states the issues.

In his objections to the Magistrate Judge's R & R, Petitioner raises several issues:

### A.   Clerk's Stamp Was Incorrect

Petitioner raises the complaint, previously argued in his habeas petition, that Respondents rolled back the date on a clerk's date stamp on an order and deleted docket entries for pretrial orders relating to mental health commitments. (Pet'r.'s Objections at 2). Petitioner states that this mistake, which appears to have been a typographical error, was a crime of fraud. It is unclear what document Petitioner is referring to, nor does he give any explanation as to how this mistake impacted what he refers to as his "fundamental right to be competent before proceedings

---

[1] Under the McNaughton Rule, as codified in Pennsylvania, a defendant is legally insane and absolved of criminal responsibility if, at the time of committing the act, due to a defect of reason or disease of the mind, the accused either did not know the nature and quality of the act or did not know that the act was wrong. 18 Pa. C.S.A. §§ 341(d), 315.

were resumed against him." (Id. at 2).  As the Petitioner has produced no evidence regarding the alleged mistake or its potential impact on his rights, the Court dismisses this objection.

### B.    Competency

Petitioner objects to the Magistrate Judge's holding that 50 Pa. Cons. Stat. Ann. § 7403(e) was not in clear conflict with Supreme Court precedent of Pate v. Robinson 383 U.S. 375 (1966), where the Court held that a competency hearing is required when the record suggests that the defendant may not be competent to proceed.  The Pennsylvania statute allows a trial court to make a determination that a previously incompetent defendant has gained competence based upon the application by Petitioner's attorney, Mr. Marlowe, ("Defense Counsel) without holding an evidentiary hearing.  In the R & R, the Magistrate Judge found that even though an evidentiary hearing might be necessary to protect a defendant's due process rights in some instances, the Pennsylvania statute which only compels a trial judge to conduct a competency evaluation when there is prima facie evidence of incompetence was not a per se violation of due process.

In Pate, the Supreme Court held that the trial court's refusal to consider Petitioner's competency when defense counsel had raised the issue repeatedly at trial and solicited testimony to prove that the defendant's competency was in question was a violation of the defendant's right to a fair trial.  By contrast, in the instant case, Petitioner claimed at his plea that he was competent, Defense Counsel claimed that he was competent, and a treating psychiatrist's report stated that he was competent.  The Court upholds the Magistrate Judge's finding that the trial court did not abuse its discretion by accepting the claims of the Petitioner, Defense Counsel, and a psychiatric evaluation in determining that Petitioner was competent to stand trial.  This Court,

therefore, adopts the Magistrate's R & R, which finds that the holding in Pate does not apply to the Petitioner's case, because Petitioner's trial judge did not have a reasonable basis to believe Petitioner was incompetent.

Petitioner objects to the Magistrate's finding that Petitioner's answers to questions at colloquy appeared logical and rational and therefore did not trigger an obligation for the trial judge to have a hearing regarding competency. Petitioner points to the fact that at colloquy he did not know the date, admitted to being on several types of psychotropic medications and "repeatedly denied facts" to which the Court asked him to stipulate. (Pet'r's Objections at 4).

While the Court agrees with Petitioner that his answers at the colloquy were not entirely free of confusion, most of what Petitioner said was cogent and logical. Petitioner informed the trial court that he was taking medication, but also stated that it did not impair his judgment. N.T. 10/22/98, at 9. Lastly, Petitioner admitted to the crime in detail and expressed a clear desire to plead guilty. Id. at 3. This Court, therefore, upholds with the Magistrate Judge's finding that the Trial Court acted within its discretion when he did not hold a separate hearing to determine Petitioner's competency.

Petitioner also objects to the Magistrate Judge's statement that Defense Counsel asserted Petitioner's competence. Petitioner claims that Defense Counsel "lied" when he told the Court he knew Petitioner was competent because he did not know Petitioner well and was not looking out for his best interests. Petitioner claims that Defense Counsel was perpetrating a fraud against the Court by claiming to know Petitioner and represent his interests. The only evidence he presents to substantiate this claim is that Defense Counsel only visited him three or four times during the time he acted as his lawyer. (Pet'r's Objections at 5).

Petitioner's claims that his counsel acted fraudulently are completely unsubstantiated by the record. Even if Petitioner's objections are taken as true, there is no evidence that Defense Counsel lied or behaved fraudulently in any way. The Court cannot know how many visits may have been necessary for Defense Counsel to effectively prepare Petitioner's case. Nothing in the record suggests that Defense Counsel's performance was inadequate under the standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Thus, we find no merit in Petitioner's objections regarding his counsel.

### C.    Actual Innocence

Petitioner objects to the Magistrate Judge's dismissal of his claim of actual innocence, claiming that he is, in fact, actually innocent under the McNaughton standard because he was criminally insane at the time of the crime. We uphold the Magistrate Judge's finding that any claim Petitioner might have had to an insanity defense was waived when he pled guilty to the offense in question. (R & R at 23). Petitioner concedes that he did commit the crime (Pet'r's Objections at 10), and the record indicates that he was competent when he made the decision to plead. The Court therefore upholds the Magistrate Judge's holding.

## IV.    Conclusion

For the foregoing reasons, the Magistrate Judge's R & R is hereby adopted and Petitioner's claim is denied. An appropriate order will follow.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK STEVEN YORDEN         :      CIVIL ACTION

       v.                     :

MARK KRYSEVIG, et al.         :      NO. 06-5262 ~~07-3432~~

## ORDER

AND NOW, this 2 day of December, 2007, upon careful and independent consideration of the petition for Writ of Habeas Corpus, and after review of the Report and Recommendation of the Magistrate Judge, Elizabeth T. Hey, as well as Petitioner's Objections thereto, it is hereby ORDERED:

(1) The Report and Recommendation is APPROVED and ADOPTED;

(2) The petition for Writ of Habeas Corpus is DENIED with prejudice;

(3) There is no probable cause to issue a certificate of appealability; and

(4) The Clerk of the Court shall mark this case closed for statistical purposes.

BY THE COURT:

_____
Michael M. Baylson, U.S.D.J.

O:\Dana\Yorden\memorandum.wpd

8